**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY I. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-01491 |
| vs. | ) |
| | ) |
| EQUIFAX INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF REMOVAL**

COMES NOW Defendant Equifax Inc. ("Equifax"), by and through undersigned counsel, and hereby removes the above-styled case from the Circuit Court of St. Louis County, State of Missouri, Case No. 21SL-CC05375, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446. This case is being removed to this Court because, based on the allegations Plaintiff Kimberly I. Riley ("Plaintiff") asserts in this action, there is complete diversity between the parties and more than $75,000 is in controversy. As grounds for removal, Equifax respectfully states as follows:

**INTRODUCTION**

1. On November 10, 2021, Plaintiff, a former Equifax employee, filed a one-count lawsuit, alleging her former employer, Equifax, discriminated against her on the basis of her alleged disability in purported violation of the Missouri Human Rights Act ("MHRA"). The lawsuit is currently pending in the Circuit Court of St. Louis County, Missouri, as Case No. 21SL-CC05375.

2. On that same day, the State Circuit Court assigned the case to the Honorable Judge Ellen Hannigan Ribaudo.

3. On November 12, 2021, the State Circuit Court issued the Summons to Equifax.

4. On November 22, 2021, Plaintiff served Equifax with the Summons and a copy of her Petition.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complete State Circuit Court file is attached hereto as Exhibit 1.

6. As set forth more fully below, this action is one that Equifax may remove to this Court under 28 U.S.C. § 1441 because Equifax has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity between the parties and more than $75,000 in controversy.

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed within thirty days after Equifax was served with a copy of Plaintiff's Petition. Equifax has not filed any responsive pleadings in the Circuit Court of St. Louis County, Missouri prior to filing this Notice of Removal.

8. Thus, this action is timely removed pursuant to 28 U.S.C. § 1446.

## REMOVAL BASED ON DIVERSITY JURISDICTION

9. Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because complete diversity of citizenship exists between Plaintiff and Equifax, and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

### Diversity of Citizenship is Satisfied.

10. As pleaded in the Petition, Plaintiff is a resident of the State of Missouri. (Petition, Ex. 1, ¶ 1.)

11. For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93–94

(2010).  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters.  *Id.*

12. Equifax is a Georgia corporation, and its headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located in Georgia.  (Declaration of Heather Kertz ("Kertz Decl."), attached hereto as Exhibit 2, ¶ 3.)

13. Thus, for removal purposes, Equifax is a citizen of the State of Georgia.

14. Accordingly, the requisite diversity of citizenship between the parties exists.  *See* 28 U.S.C. § 1332(c).

### The Amount in Controversy Requirement is Satisfied.

15. In this action, Plaintiff asserts a single cause of action under the MHRA for alleged disability discrimination.  Pursuant to the MHRA, Plaintiff expressly seeks actual, compensatory, and punitive damages, as well as an award of attorneys' fees, in her lawsuit.  (*See generally* Petition, Ex. 1.)  As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue in this case, exclusive of interest and costs.[1]

16. Equifax need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue.  *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Davidson v. Buck's Inc.*, No. 4:16 CV 1636 CDP, 2016 WL 7116621, at *1 (E.D. Mo. Dec. 7, 2016).

---

[1] Equifax relies on Plaintiff's allegations (and the calculations below) for purposes of establishing the propriety of removal ***only***, subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Petition.

3

17. The removing party's burden is one of "pleading" and not one of "proof." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788-89 (8th Cir. 2012). The removing party need not confess liability in order to show that the jurisdictional amount has been met. *Id.* at 789 (citation omitted).

18. In the Eighth Circuit, where a plaintiff's petition fails to allege a specific amount in damages sought, the jurisdictional issue is not whether the pleaded damages are greater than the requisite amount, but "whether a fact finder *might* legally conclude that they are." *See Skoda v. Lilly USA, LLC,* 488 Fed. App'x 161, 162 (8th Cir. 2012); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).

19. In addition to the various categories of compensatory damages a plaintiff seeks, including damages for emotional distress, this Court may also consider attorneys' fees and punitive damages that may be awarded under the MHRA, *see* Mo. Rev. Stat. § 213.111, in establishing the $75,000 amount in controversy. *See, e.g.*, *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorneys' fees count toward the jurisdictional minimum for diversity jurisdiction).

20. In this action, Plaintiff seeks damages for the loss of past and future compensation and benefits. (Petition, Ex. 1, ¶ 29.)

21. Plaintiff further seeks emotional distress damages. (*Id.* at ¶ 30.)

22. Additionally, in the WHEREFORE paragraph, Plaintiff requests an award of "actual, compensatory and punitive damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for her reasonable attorney's fees incurred herein; for her Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper." (*See generally* Petition, Ex. 1.)

23. One of the bases of Plaintiff's claims is her allegation that Equifax terminated her employment because of her disability. (*See* Petition, Ex. 1.) Plaintiff was paid an annual, base salary of $62,430.12, at the time her employment with Equifax was terminated on or about December 4, 2020. (Kertz Decl., Ex. 2, ¶ 6.) Plaintiff was also eligible to earn sales commissions. (*Id.*, ¶ 7.) In the year preceding her termination, Plaintiff earned approximately $32,382.33 in sales commissions. (*Id.*) Thus, Plaintiff's lost wages from December 2020 to present could amount to more than $94,812.45. Moreover, assuming a trial eighteen months from today, her lost wages could total $237,031.13 ($94,812.45 x 2.5 years) at the time of trial in this action.

24. Plaintiff also seeks damages for lost employment benefits. (Petition, Ex. 1, ¶ 29.) During her employment, Plaintiff was eligible for standard company benefits, including health, vision, and dental insurance as well as a flexible health spending account, 401(k) plan, short term and long term disability insurance, and supplemental life insurance. (Kertz Decl., Ex. 2, ¶ 5.)

25. Here, if Plaintiff's claim for lost benefits is conservatively valued at 20% of her earned wages, her lost benefits from the end of her employment through the date of trial could amount to approximately $47,406.22 ($94,812.45 x 0.2 x 2.5 years).

26. Accordingly, Plaintiff's claim for lost wages and benefits alone could amount to $284,437.35 at the estimated time of trial ($47,406.22 + $237,031.13).

27. Plaintiff's claimed damages do not stop at lost wages and benefits, however. Plaintiff also seeks equitable relief in the form of future lost wages as a substitute for reinstatement. (Petition, Ex. 1, ¶ 29.) Courts in the Eighth Circuit have awarded front pay for as long as eight years and eight months from the date of verdict. *See Sellers v. Mineta*, 358 F.3d 1058, 1066 (8th Cir. 2004); *see also West v. Matthews Intern. Corp.*, 2011 WL 2443737, at *2–3 (E.D. Mo. June 15, 2011) (2.5 years); *Folz v. Marriott Corp.*, 594 F. Supp. 1007, 1018-19 (W.D. Mo. 1984) (7

5

years). Thus, Plaintiff's potential award of front pay could amount to as much as $822,023.94 ($94,812.45 x 8.67 years).

28. Plaintiff also claims that she is entitled to punitive damages. (Petition, Ex. 1, "WHEREFORE" paragraph.) Although her Petition makes no effort to quantify these elements of her alleged damages, and again without conceding the point, Equifax notes that Missouri juries certainly have awarded sums sufficient to put Plaintiff's total claims well over the $75,000 threshold on a punitive damage claim *alone*. *See Brill v. Burton Creek Management Corp.,* No. 6:99-cv-3097 (W.D. Mo. May. 1, 2000) (entering judgment on jury verdict of $300,000 in punitive damages on a Title VII claim); *Miller v. Am. Family*, 2016 WL 8315313 (Mo. Cir. Ct. Dec. 15, 2016) (awarding a plaintiff $20,000,000 in punitive damages on her claims of sex and age discrimination under the MHRA); *Gentry v. Orkin LLC*, 2016 WL 8315309 (Mo. Cir. Ct. Dec. 15, 2016) (awarding plaintiff $10,000,000 in punitive damages on a MHRA claim); *McClurg v. Mo. Highway and Transp. Comm'n*, 2014 WL 8843699 (Mo. Cir. Ct. Dec. 12, 2014) (awarding a plaintiff $500,000 in punitive damages on a claim of sex discrimination under the MHRA); *McGhee v. Schreiber Foods, Inc.*, 2015 WL 1887835 (Mo. Cir. Ct. Feb. 16, 2015) (awarding a plaintiff $350,000 in punitive damages on a claim of age discrimination under the MHRA).[2] Indeed, the Eighth Circuit has approved a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases. *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009).

---

[2] These cases are cited only for the proposition that an award of punitive damages, to which Equifax contends Plaintiff is not entitled, can exceed the $75,000 threshold. The Missouri Human Rights Act was amended in 2017 to institute a cap on damages, including punitive damages, to no more than $500,000 (plus actual back pay) for an employer of Equifax's size. *See* Mo. Rev. Stat. § 213.111. This cap applies to Plaintiff's allegations.

29. Here, Plaintiff has alleged that she has been discriminated against and ultimately terminated as a result of conduct that "was done with evil motive or in reckless disregard for the rights of Plaintiff." (Petition, Ex. 1, ¶ 28.) These facts—if proven, of course—could possibly support a punitive damage award.

30. Plaintiff also seeks emotional distress damages and attorneys' fees that are appropriate to include in the amount in controversy calculation. *Miller v. Ceva Logistics*, No. 07-cv-0644, 2008 WL 130847 (W.D. Mo. Jan. 10, 2008); *Hudson v. United Sys. of Ark.,* 709 F.3d 700 (8th Cir. 2013) (affirming an award of $100,000 in emotional distress damages); *Rowe v. Hussman Corp.*, 381 F.3d 775 (8th Cir. 2004) (affirming an award of $500,000 in emotional distress damages); *Jarrett v. Henkel Corp.*, No. 4:15-cv-0832DGK, 2016 WL 409819 (W.D. Mo. Feb. 2, 2016) (denying a plaintiff's motion to remand where an award for lost wages and attorneys' fees combined would likely exceed the jurisdictional limit).

31. When Plaintiff's claimed compensatory damages are combined with her claims for punitive damages and attorneys' fees, there is no question the amount in controversy in this action exceeds $75,000. Removal is appropriate in this case.

32. Therefore, even if Plaintiff's actual damages do not exceed $75,000, it is clear that the finder of fact could potentially award well in excess of the $75,000 jurisdictional threshold.

## **CONCLUSION**

33. Plaintiff is a citizen of Missouri, and Defendant is a citizen of Georgia. Plaintiff seeks to recover lost compensation and benefits, front pay, non-economic damages such as emotional distress, punitive damages, and attorneys' fees that exceed the jurisdictional minimum of $75,000. Removal to this Court is therefore proper under diversity jurisdiction.

WHEREFORE, Defendant Equifax Inc. removes this case to the United States District Court for the Eastern District of Missouri, respectfully requests that no further proceedings be had in the Circuit Court in St. Louis County, Missouri, and prays for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

DATED: December 21, 2021    By:    /s/ Sarah E. Mullen
Sarah E. Mullen #61058MO
Lindsey M. Bruno #73055MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone:  (314) 444-7688
Facsimile:  (314) 612-7688
smullen@lewisrice.com
lbruno@lewisrice.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served via the Court's electronic filing system on this 21st day of December, 2021 to:

David M. Heimos
230 South Bemiston, Suite 1200
Clayton, MO 63105
Phone: (314) 862-3333 ext. 17
Facsimile: (314) 862-0605
davidmheimos@heimoslaw.com
*Attorney for Plaintiff*

                 /s/ Sarah E. Mullen