

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff SMDOMINGUEZ

**21SL-CC05375 - KIMBERLY RILEY V EQUIFAX INC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending  ○ Ascending

Display Options: All Entries

---

**12/10/2021** ☐ **Corporation Served**
Document ID - 21-SMCC-10212; Served To - EQUIFAX INC; Server - ; Served Date - 22-NOV-21;
Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**11/12/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-10212, for EQUIFAX INC. Summons Attached in PDF Form for Attorney to
Retrieve from Secure Case.Net and Process for Service.

**11/10/2021** ☐ **Filing Info Sheet eFiling**
**Filed By:** DAVID MICHAEL HEIMOS
☐ **Pet Filed in Circuit Ct**
Plaintiffs Petition for Damages.
**Filed By:** DAVID MICHAEL HEIMOS
☐ **Judge Assigned**
DIV 18

---

Case.net Version 5.14.42          Return to Top of Page          Released 12/16/2021

https://www.courts.mo.gov/casenet/cases/searchDockets.do

Exhibit
1

1/1

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

KIMBERLY I. RILEY,                    )
                                      )
        Plaintiff,                    )          Case No.:
                                      )
vs.                                   )          Division No.:
                                      )
EQUIFAX INC.,                         )
                                      )
        Defendant.                    )          **JURY TRIAL DEMANDED**
                                      )
**SERVE (by SHERRIF OF COLE**         )
**COUNTY, MISSOURI):**                )
**Registered Agent for**              )
**Equifax Inc.**                      )
**Prentice-Hall Corporation System**  )
**221 Bolivar Street**                )
**Jefferson City, MO 65101**          )
                                      )

## PLAINTIFF'S PETITION FOR DAMAGES

### Disability Discrimination in Violation of the Missouri Human Rights Act, R.S.MO. Section 213.010 et seq.

COMES NOW Plaintiff, Kimberly I. Riley, by counsel, and for her Petition for Damages against Defendant, Equifax Inc., states to the Court as follows:

1.      That Plaintiff, Kimberly I. Riley, is, and was at all times pertinent to this cause of action herein, a resident of St. Louis County, Missouri.

2.      That Defendant, Equifax Inc., is, and was at all times pertinent to this cause of action herein, a Foreign corporation, licensed and in good standing to do business in the State of Missouri, with its principal office located in Atlanta, Georgia, and with an office located at 11432 Lackland Road, St. Louis, Missouri  63146.

1

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

3.     That Defendant, Equifax Inc., is an employer within the meaning of the Missouri Human Rights Act, R.S.MO. Section 213.010 et seq., in that Defendant is a legal entity that, at all times pertinent to this course of action herein, has had six (6) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

4.     That Plaintiff had been employed with Defendant from September 2017 until she was selected for layoff and thereby terminated in a reduction in force on December 4, 2020.

5.     That although Plaintiff's title was Regional Manager when she was hired, it was later changed to Account Executive, in Inside Sales, and she held this title at the time of her termination.

6.     That Plaintiff worked in the Equifax Workforce Solution Division at Equifax People Services H-22, and she worked out of the Equifax office located at 11432 Lackland Road, St. Louis, Missouri  63146.

7.     That Plaintiff is a breast cancer survivor, and, as such, has a disability and/or a record of having a disability and/or was perceived as having a disability.

8.     Specifically, on October 11, 2018, Plaintiff was diagnosed with breast cancer, and she thereafter underwent multiple surgeries, including one four-hour double mastectomy in December 2018, a surgery on July 1, 2019, emergency surgery on July 3, 2019 because of an infection, and a proactive/preventative hysterectomy on December 16, 2019.

9.     That altogether, Plaintiff was on short-term disability from December 3, 2018 until January 28, 2019, from July 1, 2019 until July 10, 2019, and then from December 16, 2019 until December 22, 2019;  and, in addition, she took intermittent paid time off (PTO), as needed, for thirty-eight (38) consecutive treatments of radiation, which ended on March 26, 2019.

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

10.     That in spite of the above-referenced medical issues and procedures and the need to take periodic disability leave and PTO, as set forth above, Plaintiff could still perform the essential functions of her job, and, in fact, she performed well and met 75% of her sales goal for 2019.

11.     That from January 1, 2020 until some time in September 2020, the Manager of the Inside Sales Team, of which Plaintiff was a member, was J. Alan Shemelya, who held the title of Vice President of Inside Sales.

12.     That sometime in September 2020, J. Alan Shemelya was replaced by Holly Kerschensteiner-Logan, who also held the title of Vice President of Inside Sales.

13.     That Plaintiff reported to J. Alan Shemelya from January 1, 2020 until sometime in September 2020, and to Holly Kerschensteiner-Logan from sometime in September 2020 until she was terminated on December 4, 2020.

14.     That both J. Alan Shemelya and Holly Kerschensteiner-Logan reported to Walter Gibson, III, who held the title of Senior Vice President of Sales and General Manager.

15.     That Walter Gibson, III made the decision to select Plaintiff for termination in the reduction in force on December 4, 2020.

16.     That the Inside Sales Team reporting to Holly Kerschensteiner-Logan at the time of Plaintiff's termination on December 4, 2020 consisted of six (6) Account Executives, all responsible for sales: Matt Dickson, Ryan Weed, Casandra Johnson, John DuHadway, Alex Miller and Plaintiff.

17.     That of the above-referenced six (6) Account Executives making up the Inside Sales Team reporting to Holly Kerschensteiner-Logan on December 4, 2020, two (2) were not selected for layoff and were thereby retained, Ryan Weed and Casandra Johnson, whereas four (4) were

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

selected for layoff and were thereby not retained, Matt Dickson, John DuHadway, Alex Miller and Plaintiff.

18.    That to the best of Plaintiff's knowledge, neither Ryan Weed nor Casandra Johnson have significant health issues/disabilities.

19.    That of the Account Executives on the Inside Sales Team on December 4, 2020 reporting to Holly Kerschensteiner-Logan who were selected for layoff and thereby not retained, Matt Dickson and John DuHadway were underperforming, Alex Miller was borderline performing, and Plaintiff was a top performer.

20.    That of the Account Executives on the Inside Sales Team on December 4, 2020 reporting to Holly Kerschensteiner-Logan who were not selected for layoff and thereby retained, Casandra Johnson was performing well, but she had been on a Performance Improvement Plan (PIP) in the past.

21.    That Plaintiff had never been on a Performance Improvement Plan (PIP).

22.    That as of December 4, 2020, when Plaintiff was selected for layoff and thereby terminated from her employment, she was over quota for the year 2020, and, in fact, she had been at or above quota each quarter during the year 2020, and she really started to excel in the third (3rd) quarter of 2020.

23.    That Plaintiff was selected for layoff and thereby terminated from her employment because of her disability/record of disability/perceived disability (breast cancer and related medical procedures and health issues), based on the following facts:

> A. On December 10, 2020, after Plaintiff was notified that she had been selected for layoff, she received a telephone call from her former direct supervisor, J. Alan Shemelya, who told Plaintiff that his direct supervisor, Walter Gibson, III,

4

had made some statements to him clearly indicating that, in evaluating the Inside Sales Team, he believed that, because of Plaintiff's illness, she should not be retained. Specifically, in a series of one-on-one meetings between J. Alan Shemelya and Walter Gibson, III, the sales performance of each member of the Inside Sales Team was discussed. In approximately mid-February 2020, J. Alan Shemelya was asked to build out a new organizational structure for new business, and he was requested by Walter Gibson, III to evaluate each Inside Sales Team member's potential for moving into this new organizational structure in the second (2nd) quarter of 2020. After J. Alan Shemelya had been made aware of Plaintiff's health issues by Heather Kertz, the local Human Resources Generalist, in January 2020, Walter Gibson, III thereafter expressed his reservations about Plaintiff to J. Alan Shemelya because of her health issues, and Walter Gibson, III even stated to J. Alan Shemelya, in a meeting in which Heather Kertz was present, to get rid of Plaintiff because they did not need sick people at the company.

B. That during the second quarter of 2020, while J. Alan Shemelya met with Walter Gibson, III in one-on-one sessions, in which Heather Kertz generally attended, numerous conversations occurred about staffing in the third (3rd) quarter of 2020, with the discussions including who to keep, who to let go, who to put on a Performance Improvement Plan (PIP), etc. When Plaintiff's name came up in these discussions, J. Alan Shemelya consistently supported Plaintiff, stating that her health and related issues should not affect her performance

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

rating and that she was improving and would continue toward meeting her second (2nd) quarter 2020 sales goals.

C.  That during one of these meetings, in which Heather Kertz was present, Walter Gibson, III stated words paraphrased as follows: "Put Kim on a PIP. I don't want ill people on my team. Only top performers.".  Plaintiff could not be put on a PIP because she did not meet the criteria, as she was a top performer.

D.  That J. Alan Shemelya told Plaintiff that during the second (2nd) quarter of 2020, Walter Gibson, III made numerous inquiries into Plaintiff's performance, always with the intent of moving Plaintiff out of the company because of his ongoing belief that her health and related issues were not going to allow her to be a top performer.  This was in spite of the fact that a top performer was defined as meeting 100% of Plan or higher, such that Plaintiff was a top performer.

24.    That although Alan J. Shemelya was not Plaintiff's direct supervisor when she was selected for layoff and thereby terminated on December 4, 2020, as he had previously been terminated and replaced by Holly Kerschensteiner-Logan sometime in September 2020, Walter Gibson, III, as Senior Vice President of Sales and General Manager, was clearly instrumental in selecting Plaintiff for layoff in the reduction in force and thereby terminating her on December 4, 2020.

25.    That Plaintiff was terminated in spite of the fact that she could still perform the essential functions of her job, in spite of her health and related issues, and, in fact, she was a top performer.

26.    That on January 25, 2021 Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which, through a work-sharing arrangement with

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

the Missouri Commission on Human Rights, was assigned Missouri Commission on Human Rights Case Number FE – 1/21 - 32775 by the Missouri Commission on Human Rights, charging Defendant with unlawful disability discrimination, in violation of the Missouri Human Rights Act, R.S.MO. Section 213.010 et seq.

27.     That the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue, dated November 2, 2021.

28.     That the conduct of Defendant, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff.

29.     That as a proximate result of Plaintiff being terminated from her employment, she has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

30.     Further, that as a proximate result of Defendant engaging in the above-referenced conduct, Plaintiff has sustained emotional distress.

WHEREFORE, Plaintiff, Kimberly I. Riley, prays for judgment in her Petition for Damages against Defendant, Equifax Inc., a Foreign corporation, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for her reasonable attorney's fees incurred herein; for her Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

Respectfully submitted,


By: _David M. Heimos_____
    David M. Heimos, #29834MO
    Attorney for Plaintiff
    230 South Bemiston, Suite 1200
    Clayton, Missouri 63105
    314-862-3333 Ext. 17
    314-862-0605 Facsimile
    davidmheimos@heimoslaw.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  21SL-CC05375 |
|---|---|
| Plaintiff/Petitioner:<br>KIMBERLY RILEY<br><br>                                                          vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID MICHAEL HEIMOS<br>SUITE 1200<br>230 S BEMISTON AVE<br>CLAYTON, MO  63105-1907 |
| Defendant/Respondent:<br> EQUIFAX INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **EQUIFAX INC**
                                        **Alias:**

**PRENTICE-HALL CORP SYSTEM**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>12-NOV-2021</u>                                         _____
  **Date**                                                                                          Clerk

**Further Information:**
**AD**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
     Printed Name of Sheriff or Server                                          Signature of Sheriff or Server

                **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

          My commission expires: _____      _____
                                    Date                                                               Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029





# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 21SL-CC05375 |
|---|---|
| Plaintiff/Petitioner:<br>KIMBERLY RILEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID MICHAEL HEIMOS<br>SUITE 1200<br>230 S BEMISTON AVE<br>CLAYTON, MO  63105-1907 |
| Defendant/Respondent:<br>EQUIFAX INC<br>Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105<br>(Date File Stamp) |

RECEIVED

NOV 19 2021

COLE COUNTY
SHERIFF'S OFFICE

FILED

## Summons in Civil Case

The State of Missouri to:  EQUIFAX INC
Alias:

> PRENTICE-HALL CORP SYSTEM
> 221 BOLIVAR STREET
> JEFFERSON CITY, MO 65101

DEC 1 0 2021

JOAN M. GILMER
CIRCUIT CLERK

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__12-NOV-2021__
Date

_____
Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Prentice-Hall Corp, S.C. (name) designee (title).

☐ other _____.

Served at 350 E. High (address)

in Cole (County/City of St. Louis), MO, on 11-22-2021 (date) at 800 Am (time).

Sheriff John P Wheeler by _____ St Curnio Wise
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

_(Seal)_  Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
Date                                            Notary Public

25/18
30