**21SL-CC05375**

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| KIMBERLY I. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| vs. | ) | Division No.: |
| | ) | |
| EQUIFAX INC., | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SERVE (by SHERRIF OF COLE** | ) | |
| **COUNTY, MISSOURI):** | ) | |
| **Registered Agent for** | ) | |
| **Equifax Inc.** | ) | |
| **Prentice-Hall Corporation System** | ) | |
| **221 Bolivar Street** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |

**PLAINTIFF'S PETITION FOR DAMAGES**

**Disability Discrimination in Violation of the Missouri Human Rights Act, R.S.MO. Section
213.010 et seq.**

COMES NOW Plaintiff, Kimberly I. Riley, by counsel, and for her Petition for Damages

against Defendant, Equifax Inc., states to the Court as follows:

1.     That Plaintiff, Kimberly I. Riley, is, and was at all times pertinent to this cause of

action herein, a resident of St. Louis County, Missouri.

2.     That Defendant, Equifax Inc., is, and was at all times pertinent to this cause of

action herein, a Foreign corporation, licensed and in good standing to do business in the State of

Missouri, with its principal office located in Atlanta, Georgia, and with an office located at 11432

Lackland Road, St. Louis, Missouri  63146.

1

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

3.      That Defendant, Equifax Inc., is an employer within the meaning of the Missouri Human Rights Act, R.S.MO. Section 213.010 et seq., in that Defendant is a legal entity that, at all times pertinent to this course of action herein, has had six (6) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

4.      That Plaintiff had been employed with Defendant from September 2017 until she was selected for layoff and thereby terminated in a reduction in force on December 4, 2020.

5.      That although Plaintiff's title was Regional Manager when she was hired, it was later changed to Account Executive, in Inside Sales, and she held this title at the time of her termination.

6.      That Plaintiff worked in the Equifax Workforce Solution Division at Equifax People Services H-22, and she worked out of the Equifax office located at 11432 Lackland Road, St. Louis, Missouri  63146.

7.      That Plaintiff is a breast cancer survivor, and, as such, has a disability and/or a record of having a disability and/or was perceived as having a disability.

8.      Specifically, on October 11, 2018, Plaintiff was diagnosed with breast cancer, and she thereafter underwent multiple surgeries, including one four-hour double mastectomy in December 2018, a surgery on July 1, 2019, emergency surgery on July 3, 2019 because of an infection, and a proactive/preventative hysterectomy on December 16, 2019.

9.      That altogether, Plaintiff was on short-term disability from December 3, 2018 until January 28, 2019, from July 1, 2019 until July 10, 2019, and then from December 16, 2019 until December 22, 2019;  and, in addition, she took intermittent paid time off (PTO), as needed, for thirty-eight (38) consecutive treatments of radiation, which ended on March 26, 2019.

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

10.     That in spite of the above-referenced medical issues and procedures and the need to take periodic disability leave and PTO, as set forth above, Plaintiff could still perform the essential functions of her job, and, in fact, she performed well and met 75% of her sales goal for 2019.

11.     That from January 1, 2020 until some time in September 2020, the Manager of the Inside Sales Team, of which Plaintiff was a member, was J. Alan Shemelya, who held the title of Vice President of Inside Sales.

12.     That sometime in September 2020, J. Alan Shemelya was replaced by Holly Kerschensteiner-Logan, who also held the title of Vice President of Inside Sales.

13.     That Plaintiff reported to J. Alan Shemelya from January 1, 2020 until sometime in September 2020, and to Holly Kerschensteiner-Logan from sometime in September 2020 until she was terminated on December 4, 2020.

14.     That both J. Alan Shemelya and Holly Kerschensteiner-Logan reported to Walter Gibson, III, who held the title of Senior Vice President of Sales and General Manager.

15.     That Walter Gibson, III made the decision to select Plaintiff for termination in the reduction in force on December 4, 2020.

16.     That the Inside Sales Team reporting to Holly Kerschensteiner-Logan at the time of Plaintiff's termination on December 4, 2020 consisted of six (6) Account Executives, all responsible for sales: Matt Dickson, Ryan Weed, Casandra Johnson, John DuHadway, Alex Miller and Plaintiff.

17.     That of the above-referenced six (6) Account Executives making up the Inside Sales Team reporting to Holly Kerschensteiner-Logan on December 4, 2020, two (2) were not selected for layoff and were thereby retained, Ryan Weed and Casandra Johnson, whereas four (4) were

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

selected for layoff and were thereby not retained, Matt Dickson, John DuHadway, Alex Miller and Plaintiff.

18.     That to the best of Plaintiff's knowledge, neither Ryan Weed nor Casandra Johnson have significant health issues/disabilities.

19.     That of the Account Executives on the Inside Sales Team on December 4, 2020 reporting to Holly Kerschensteiner-Logan who were selected for layoff and thereby not retained, Matt Dickson and John DuHadway were underperforming, Alex Miller was borderline performing, and Plaintiff was a top performer.

20.     That of the Account Executives on the Inside Sales Team on December 4, 2020 reporting to Holly Kerschensteiner-Logan who were not selected for layoff and thereby retained, Casandra Johnson was performing well, but she had been on a Performance Improvement Plan (PIP) in the past.

21.     That Plaintiff had never been on a Performance Improvement Plan (PIP).

22.     That as of December 4, 2020, when Plaintiff was selected for layoff and thereby terminated from her employment, she was over quota for the year 2020, and, in fact, she had been at or above quota each quarter during the year 2020, and she really started to excel in the third (3rd) quarter of 2020.

23.     That Plaintiff was selected for layoff and thereby terminated from her employment because of her disability/record of disability/perceived disability (breast cancer and related medical procedures and health issues), based on the following facts:

    A. On December 10, 2020, after Plaintiff was notified that she had been selected for layoff, she received a telephone call from her former direct supervisor, J. Alan Shemelya, who told Plaintiff that his direct supervisor, Walter Gibson, III,

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

had made some statements to him clearly indicating that, in evaluating the Inside Sales Team, he believed that, because of Plaintiff's illness, she should not be retained.  Specifically, in a series of one-on-one meetings between J. Alan Shemelya and Walter Gibson, III, the sales performance of each member of the Inside Sales Team was discussed.  In approximately mid-February 2020, J. Alan Shemelya was asked to build out a new organizational structure for new business, and he was requested by Walter Gibson, III to evaluate each Inside Sales Team member's potential for moving into this new organizational structure in the second (2nd) quarter of 2020.  After J. Alan Shemelya had been made aware of Plaintiff's health issues by Heather Kertz, the local Human Resources Generalist, in January 2020, Walter Gibson, III thereafter expressed his reservations about Plaintiff to J. Alan Shemelya because of her health issues, and Walter Gibson, III even stated to J. Alan Shemelya, in a meeting in which Heather Kertz was present, to get rid of Plaintiff because they did not need sick people at the company.

B.  That during the second quarter of 2020, while J. Alan Shemelya met with Walter Gibson, III in one-on-one sessions, in which Heather Kertz generally attended, numerous conversations occurred about staffing in the third (3rd) quarter of 2020, with the discussions including who to keep, who to let go, who to put on a Performance Improvement Plan (PIP), etc.  When Plaintiff's name came up in these discussions, J. Alan Shemelya consistently supported Plaintiff, stating that her health and related issues should not affect her performance

5

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

rating and that she was improving and would continue toward meeting her second (2nd) quarter 2020 sales goals.

C. That during one of these meetings, in which Heather Kertz was present, Walter Gibson, III stated words paraphrased as follows: "Put Kim on a PIP. I don't want ill people on my team. Only top performers.".  Plaintiff could not be put on a PIP because she did not meet the criteria, as she was a top performer.

D. That J. Alan Shemelya told Plaintiff that during the second (2nd) quarter of 2020, Walter Gibson, III made numerous inquiries into Plaintiff's performance, always with the intent of moving Plaintiff out of the company because of his ongoing belief that her health and related issues were not going to allow her to be a top performer.  This was in spite of the fact that a top performer was defined as meeting 100% of Plan or higher, such that Plaintiff was a top performer.

24.     That although Alan J. Shemelya was not Plaintiff's direct supervisor when she was selected for layoff and thereby terminated on December 4, 2020, as he had previously been terminated and replaced by Holly Kerschensteiner-Logan sometime in September 2020, Walter Gibson, III, as Senior Vice President of Sales and General Manager, was clearly instrumental in selecting Plaintiff for layoff in the reduction in force and thereby terminating her on December 4, 2020.

25.     That Plaintiff was terminated in spite of the fact that she could still perform the essential functions of her job, in spite of her health and related issues, and, in fact, she was a top performer.

26.     That on January 25, 2021 Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which, through a work-sharing arrangement with

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM

the Missouri Commission on Human Rights, was assigned Missouri Commission on Human Rights Case Number FE – 1/21 - 32775 by the Missouri Commission on Human Rights, charging Defendant with unlawful disability discrimination, in violation of the Missouri Human Rights Act, R.S.MO. Section 213.010 et seq.

27.    That the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue, dated November 2, 2021.

28.    That the conduct of Defendant, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff.

29.    That as a proximate result of Plaintiff being terminated from her employment, she has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

30.    Further, that as a proximate result of Defendant engaging in the above-referenced conduct, Plaintiff has sustained emotional distress.

WHEREFORE, Plaintiff, Kimberly I. Riley, prays for judgment in her Petition for Damages against Defendant, Equifax Inc., a Foreign corporation, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for her reasonable attorney's fees incurred herein; for her Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,


By:_____
David M. Heimos, #29834MO
Attorney for Plaintiff
230 South Bemiston, Suite 1200
Clayton, Missouri 63105
314-862-3333 Ext. 17
314-862-0605 Facsimile
davidmheimos@heimoslaw.com

Electronically Filed - St Louis County - November 10, 2021 - 02:57 PM